[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action arises out of a slip and fall on a patch of ice which allegedly occurred in the parking lot of the Trumbull shopping Park. The plaintiff commenced this action against Westfield, Inc. Westfield subsequently cited in Vedeira's Paving Corporation as a co-defendant for purposes of seeking an apportionment of liability pursuant to General Statutes § 52-572h. Westfield also joined Vedeira as a third party defendant for purposes of seeking both common law indemnification and indemnification based on a contract whereby Vedeira agreed to provide snow removal services at the Trumbull Shopping Park. Vedeira now moves for summary judgment as to Westfield's common law indemnification claim and contractual indemnification claim. The second and third counts of Westfield's cross-complaint[.]
Vedeira's motion must fail as to Westfield's common law indemnification claim. While the contract to perform snow removal services is between Vedeira and an entity known as Westland, the language of the contract requires Vedeira to indemnify both Westland and Westfield. This creates a genuine issue of material fact as to whether an independent legal relationship exists between Vedeira and Westfield. A genuine issue of material fact also exists as to the element of control over the situation that allegedly produced the plaintiff's injuries, as Westfield has submitted affidavits in which the affiants state that Vedeira actually performed snow removal services on the date that the plaintiff allegedly sustained her injuries.
Vedeira moves for summary judgment on Westfield's contractual indemnification claim on the ground that no contractual relationship existed between Vedeira and Westfield, as the contract in question is between Vedeira and Westland. Vedeira's motion must fail because the language of the contract requires Vedeira to indemnify both Westfield and Westland.
Accordingly, the court denies Vedeira's motion for summary judgment in its entirety.
FORD, JUDGE CT Page 2009